UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL TROFATTER,

        Plaintiff,                      Case No. 1:09-cv-131

v.                                              Honorable Janet T. Neff

INGHAM COUNTY PROSECUTOR'S
OFFICE et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous because his claims are time-barred.

## **Discussion**

Plaintiff is incarcerated in the Bellamy Creek Correctional Facility pursuant to convictions for discharging a firearm toward a building and being a felon in possession of a firearm. His action does not concern the conditions of his incarceration. Rather, Plaintiff's complaint concerns an alleged false arrest that occurred in 2005 while he was on probation for the above offenses. In his *pro se* complaint, Plaintiff sues the Mason Township Police Department, Mason Township Police Officer (unknown) Metink and the Ingham County Prosecutor's Office.

On August 8, 2005, while Plaintiff was grocery shopping in a Meijer store, he was approached by Officer Metink. Plaintiff alleges that Metink asked him how he arrived at the store and took Plaintiff's keys out of his cart. Metink asked Plaintiff to follow him to the front of the store, where Metink conducted a preliminary breath test (PBT). As a result of the PBT, Metink arrested Plaintiff for operating a vehicle under the influence of liquor (OUIL). Plaintiff spent the night in the Ingham County Jail. The following day, Plaintiff was informed by a police officer that he was being released because the Ingham County Prosecutor would not pursue any charges against Plaintiff without first reviewing the surveillance video from the Meijer store. One week later, on August 14, 2005, Plaintiff was arrested at his Mason Township home. According to Plaintiff, the two officers rushed at him with their guns drawn before handcuffing Plaintiff and transporting him to the Ingham County Jail. Plaintiff was arraigned on a charge of OUIL, fourth habitual offender. It appears that Plaintiff was incarcerated for six weeks before he was released on bond. On January 25, 2006, Plaintiff was re-sentenced to prison terms for his previous weapons charges because he violated his probation. The Ingham County Prosecutor subsequently dropped the OUIL charge against him.

Plaintiff claims that his arrest for OUIL was unfounded because Officer Metink had no way of knowing when Plaintiff became intoxicated, and, thus whether he drove his vehicle to Meijer while intoxicated.  Plaintiff further argues that Metink had no idea how long he would be in the Meijer store and whether Plaintiff would choose to drive his car when he left the store.  Plaintiff contends that as a result of the two unlawful arrests, he was subjected to six weeks of incarceration, the loss of employment, a cost of $2500.00 to post bond and public humiliation.  Plaintiff seeks injunctive relief, as well as compensatory and punitive damages.

Plaintiff claims that Defendants subjected him to an unlawful arrest in August 2005.  State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action.  *Collyer*, 98 F.3d at 220.[1]  Plaintiff had reason to know of the "harms" done to him when he was arrested in August 2005.  Hence, his claims accrued in 2005.  However, Plaintiff did not file his complaint until February 2009, six months past Michigan's three-year limit.  Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP.

---

[1] 28 U.S.C. § 658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute.  *Id.* at 382.

LAWS § 600.5851(9). Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002). Accordingly, Plaintiff's action is time-barred.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's action must be dismissed as frivolous.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

  This is a dismissal as described by 28 U.S.C. § 1915(g).

  A Judgment consistent with this Opinion will be entered.


Dated:  April 21, 2009        /s/ Janet T. Neff
                 Janet T. Neff
                 United States District Judge